## B. F. Loftus, Appellee, v. Herman Behrens, Appellant.

### Gen. No. 5,909. (Not to be reported in full.)

Appeal from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

### Statement of the Case.

Action by B. J. Loftus against Herman Behrens to recover the price of a corn shredder which plaintiff claims he sold to defendant. The action was originally brought before a justice of the peace where plaintiff had judgment, and on appeal by the defendant to the County Court a verdict was returned in favor of plaintiff for one hundred dollars. To reverse a judgment entered on the verdict, defendant appeals.

E. V. ORVIS and A. V. SMITH, for appellant.

R. W. CHURCHILL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 18*—*when evidence sustains finding of unqualified acceptance of offer.* In an action for the purchase price of a corn shredder claimed to have been sold to defendant, evidence *held* sufficient to sustain a verdict that there was an unqualified acceptance of plaintiff's offer to sell the shredder, where the facts showed

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

that the defendant, upon being offered the shredder for one hundred dollars, accepted the offer by saying: "You have bought it, the shredder is yours," and the defendant then asked if it was in good condition and plaintiff replied that it was, there being conflicting evidence on the question whether the defendant then stated that he would take the shredder if it was in good condition, but no attempt by defendant to prove that he made any complaint to plaintiff regarding the condition of the shredder after he examined it, nor that he gave plaintiff any notice he did not intend to carry out the bargain.

2. SALES, § 186*—*when delivery not essential.* As between the parties, delivery is not essential to a complete sale, unless so intended by them.

3. SALES, § 18*—*when instruction as to unqualified offer and acceptance correct.* An instruction that an unqualified offer and acceptance constituted a valid sale of chattel property, and that if the defendant made an unqualified offer for the property, which was accepted by the plaintiff, and that if the parties then intended the sale to be complete the verdict should be for the plaintiff, *held* to state a correct principle of law.

4. APPEAL AND ERROR, § 1533*—*when underscoring words in instruction harmless.* The underscoring of the words "your verdict" in an instruction *held* harmless.